**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Leonard MERCER, alias Cyril Sharron, alias R. C. Allen, alias John Thomas; John Logan and William Arnold, Defendants.**

**Crim. No. 34493.**

United States District Court
N. D. California, S. D.
July 5, 1955.

Lloyd H. Burke, U. S. Atty., John Lockley, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Ben Davis, Jack L. Burnam, San Francisco, Cal., for defendant Cyril Sharron.

David Cannon, Cannon & Callister, Los Angeles, Cal., for defendant Harold Bourgeois.

OLIVER J. CARTER, District Judge.

Before the Court are defendants' motions to dismiss the indictment against them on the ground that it fails to allege an offense against the United States, and for judgment of acquittal as to count four of that indictment.

Counts two and three of the indictment charge the defendants with transmitting sounds by means of interstate wire for the purpose of executing a scheme to defraud, in violation of 18 U. S.C. § 1343; count four charges the defendants with transporting money of a value in excess of $5,000 in interstate commerce, knowing that money to have been taken by fraud, in violation of 18

U.S.C. § 2314; count one of the indictment charges the defendants with conspiring to violate Sections 1343 and 2314 of 18 U.S.C., and lists thirteen overt acts done in furtherance of the conspiracy. The challenge to the substantive counts two and three of the indictment will be considered first.

On the first day of the trial, just after a jury had been empanelled, counsel for defendants moved to dismiss each count of the indictment for failure to state an offense. Ruling was reserved on these motions and counsel agreed to proceed with the trial. At the close of the evidence for the prosecution counsel for defendants moved for judgment of acquittal on all four counts. The latter motions of both defendants were denied from the bench as to counts one, two and three, ruling was reserved as to count four, and the trial was recessed to permit consideration of defense motions to dismiss the indictment and for judgment of acquittal as to count four.

The challenge to counts two and three for failure to state an offense is based upon the fact that these counts charge the transmission of sounds by interstate wire for the purpose of executing a scheme to defraud, but do not indicate the nature of the scheme to defraud. Thus the objection is that these counts do not inform the defendants of what they will be required to meet at the trial. Count two is phrased substantially in the words of the statute, 18 U.S.C. § 1343, as follows:

"Said defendants, and each of them, did, on or about the 17th day of February, 1955, in the City and County of San Francisco, State and Northern District of California, having devised a scheme for obtaining money by means of false and fraudulent pretenses, representations and promises, transmit sounds by means of interstate wire from Phoenix, Arizona to San Francisco, California, for the purpose of executing such scheme."

Count three is identical except that the words "Texarkana, Texas" appear in place of the words "Phoenix, Arizona" in count two. Title 18 U.S.C. § 1343, upon which counts two and three are based, was enacted in 1952, and this Court has not been directed to any reported case which construes that statute. But cases construing the mail fraud statute, 18 U.S.C. § 1341, are treated here as analogous, because the two sections of Title 18 are cast in substantially the same language, and because both sections are grouped in the mail fraud chapter of Title 18. The government agrees with this principle of interpretation.

Cases considering indictments based upon the mail fraud statute have firmly established the rule that such an indictment is bad if it fails to charge any particulars of the scheme to defraud which is an element of the offense. The rule stems from the parent case of United States v. Hess, 124 U.S. 483, at pages 488–489, 8 S.Ct. 571, at page 574, 31 L. Ed. 516, a mail fraud case, in which the Court held:

"The essential requirements, indeed, all the particulars constituting the offense of devising a scheme to defraud, are wanting. Such particulars are matters of substance, and not of form, and their omission is not aided or cured by the verdict."

The rule has been stated most often in cases where the indictment there considered was upheld as stating sufficient particulars of the scheme to defraud; but all recognize that some description of the fraudulent scheme is a necessity. In United States v. Crummer, 10 Cir., 151 F.2d 958, 963, the court upheld the indictment there attacked, stating the rule in this way:

"While the particulars of the scheme are matters of substance and therefore must be described with a degree of certainty sufficient to show its existence of character, and fairly to acquaint the defendant with the particular fraudulent

scheme charged against him, still the scheme itself need not be pleaded with all the certainty in respect of time, place, and circumstance requisite in charging the mailing of the letter or other matter." (Citations omitted.)

The rule is recognized in the Ninth Circuit in Wheeler v. United States, 9 Cir., 77 F.2d 216, 218, in which the court quotes language taken from opinions from the Eighth and Tenth Circuits:

"'* * * it is therefore sufficient to charge the scheme with such particularity as will enable the accused to know what is intended and to apprise him of what he will be required to meet on the trial.'"

See also United States v. Lowe, 7 Cir., 115 F.2d 596, 598; Aiken v. United States, 4 Cir., 108 F.2d 182; Bauman v. United States, 5 Cir., 156 F.2d 534, 536.

■ Counts two and three of the indictment here considered do not meet the test of the mail fraud cases, since no particulars whatever are set forth as to the scheme to defraud; the government's contention is that most of the mail fraud cases on the point were decided before the new Federal Rules of Criminal Procedure, 18 U.S.C.A., were enacted, and that the new rules favor simplified indictments. But several of the cited cases were decided after the enactment of the new rules. Furthermore the basic test of whether the indictment informs the defendant of what he will be required to meet at the trial, has not changed, and it is the opinion of this Court that counts two and three of the indictment fail to meet that basic test. The government's argument as to the effect of the new Federal Rules is also weakened by the fact that the Appendix of Forms drafted in conjunction with the Federal Rules of Criminal Procedure contains an illustrative form for a mail fraud indictment, Form 3, which includes particulars of the alleged fraudulent scheme. Therefore it is the conclusion of this Court that the settled rule of the mail fraud decisions is still effective, and that the same rule is applicable to the wire fraud statute upon which counts two and three are based.

Defendants move to dismiss count one of the indictment for failure to charge an offense. The motions are based upon the contention that count one charges a conspiracy to commit certain offenses, but does not describe with sufficient clarity the offenses which the defendants allegedly conspired to commit. Count one charges as follows:

"[the defendants], at a time and place to the Grand Jury unknown, in violation of Title 18, United States Code, Section 371, did conspire together, and with other persons to the Grand Jury unknown to commit the following and each of the following offenses against the laws of the United States of America in that they did conspire:

"(a) in violation of Section 1343 of Title 18, United States Code, wilfully and knowingly to transmit sound by means of interstate wire for the purpose of executing a scheme devised by them for obtaining money by means of false and fraudulent pretenses, representations and promises,

"(b) in violation of Section 2314 of Title 18, United States Code, wilfully and knowingly to cause to be transported in interstate commerce money of the value of more than $5,000, knowing the same to have been taken by fraud.

"Thereafter, and during the existence of said conspiracy, and in furtherance thereof, and to effect the objects thereof, one or more of the said defendants hereinafter mentioned by name, did the following acts:—[a listing of thirteen overt acts is omitted]."

Here defendants claim that, as a part of the unlawful conspiracy, some description of the scheme to defraud mentioned in part (a) and part (b) of count one is essential to inform them of what they would be required to meet at the trial.

Even if the overt acts charged in count one were to be considered, they do not indicate the nature of the scheme to defraud. Defendants rely on the leading case of Pettibone v. United States, 148 U.S. 197, 203, 13 S.Ct. 542, 545, 37 L.Ed. 419. There the Supreme Court held that the district court had erroneously overruled the defendants' motions to quash the indictment, saying:

> " * * * when the criminality of a conspiracy consists in an unlawful agreement of two or more persons to compass or promote some criminal or illegal purpose, that purpose must be fully and clearly stated in the indictment, while if the criminality of the offense consists in the agreement to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means, the means must be set out."

The Pettibone case was cited with approval in Fulbright v. United States, 8 Cir., 91 F.2d 210, 212, and in United States v. Pincourt, 3 Cir., 159 F.2d 917, 920, and followed in United States v. Armour & Co., D.C.W.D.Okl., 48 F. Supp. 801, 804, and in United States v. Cawthon, D.C.M.D.Ga., 125 F.Supp. 419, 423. Furthermore, in United States v. Bopp, D.C.N.D.Cal., 230 F. 723, 727, the district court sustained defendants' demurrer to the indictment, saying:

> "I do not ignore the suggestion that in charging a conspiracy to commit an offense the offense so to be committed need not be set forth with all the particularity that might be required in an indictment charging its commission as a substantive offense; but this, if conceded, does not mean that no particulars whatever need be given."

Under these authorities, this Court is of the opinion that part (a) of count one is insufficient because it charges the defendants with agreeing to accomplish a purpose not in itself criminal or unlawful, that is, the transmission of sounds by interstate wire, but it fails to describe the fraudulent scheme which renders that purpose criminal.

Part (b) of count one is also insufficient because it is inextricably interwoven with part (a). Both are dependent upon the same scheme to defraud, that is, the fraud in the scheme to obtain money by false and fraudulent pretenses which is the basis of the charge in part (a) is the same fraud as was used in obtaining the money which was alleged to have been transported interstate in part (b). Therefore both parts must fall where there is a complete failure to set forth the purpose of the unlawful agreement upon which the conspiracy was based. Count one fails to inform the defendants of what they will be required to meet at the trial, and is not sufficiently definite for a conviction or an acquittal to be the basis of a plea of former jeopardy in a subsequent prosecution for the same offense. Count one should be dismissed.

The government further contends that defendants' motions to dismiss which were made on the day of the trial are in the nature of a delaying tactic, and that the defendants by such delay have waived any defects in the form of the indictment. Rule 12(b)(2), Federal Rules of Criminal Procedure, is a short answer to this contention. While the failure to timely present a defense or an objection may constitute a waiver of such defense or objection, the question of lack of jurisdiction or failure of the indictment to charge an offense may be raised at any time, and shall be noticed by the court at any time during the pendency of the proceeding.

Defendants have moved to dismiss count four of the indictment for failure to state an offense, and have also moved for judgment of acquittal as to that count. Count four alleges:

> "Said defendants did, with unlawful and fraudulent intent, transport in Interstate Commerce from the City and County of San Francisco to the City of Phoenix, State of Ari-

zona, money of a value in excess of $5,000, knowing the same to have been taken by fraud."

Defendants contend that count four is fatally defective because it does not set forth any particulars as to the manner in which the money was taken by fraud. The government argues that the language of the statute sufficiently sets forth the elements of the crime, and no particulars are necessary, and that position would seem to be sustained by the case of Johnson v. United States, 5 Cir., 207 F.2d 314, 318–319, in which the court upheld an indictment which charged the foreign transportation of jewelry which had been " 'stolen, converted or taken by fraud.' " But it is not necessary to decide whether count four is sufficient as a matter of pleading, because it is the conclusion of this Court that the government's proof has failed to sustain the allegations of the indictment that the defendants transported money from San Francisco to Phoenix knowing the same to have been taken by fraud.

■■ The evidence shows that the defendants induced the victim of their scheme, a Mrs. Rebhan, to go to San Francisco from Phoenix and get a sum of money in excess of $5,000 that belonged to her, then to bring it to Phoenix and turn it over to the defendants. The government relies upon that transportation of the money from San Francisco to Phoenix by Mrs. Rebhan as a violation of Section 2314 by defendants. It is true that the defendants need not have actually transported the money themselves; it is enough that they caused the money to be transported interstate. Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435. The failure of the government's proof under count four is that Mrs. Rebhan's money had not been taken from her by fraud until she turned it over to the defendants in Phoenix, after the interstate transportation of the money as charged in the indictment was completed. As this Court reads Section 2314, an offense is not committed under that sec-

tion unless there is an interstate transportation of money which has been stolen, converted or taken by fraud. The pertinent part of 18 U.S.C. § 2314 is:

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud * * * [shall be guilty of an offense] * * *."

The government does not seriously dispute the requirement that the money must have been taken by fraud at the time of its transportation interstate; the government does contend that the taking of Mrs. Rebhan's money by fraud occurred when she left Phoenix to go to San Francisco to get her money, or at least that the taking occurred when Mrs. Rebhan took possession of her money in San Francisco before taking it to Phoenix. In other words, the government contends that the defendants used Mrs. Rebhan as an agent to take her money from herself by fraud. Such a theory is not persuasive. Nor has the government cited this Court to any precedent for its contention. It is obvious that although Mrs. Rebhan acted under the influence of the defendants' fraudulent misrepresentations when she travelled to San Francisco to get her money, nevertheless she had complete dominion and control of her money until she handed it over to the defendants in Phoenix. At any time during her trip from San Francisco to Phoenix with the money, Mrs. Rebhan could have changed her mind about entrusting the defendants with her money. The government's evidence establishes that Mrs. Rebhan's money had not been taken by fraud until after the interstate transportation alleged in the indictment had concluded. The defendants are entitled to a judgment of acquittal as to count four.

An order of dismissal for failure to state an offense has been entered as to counts one, two and three, and a judgment of acquittal has been entered as to count four in accordance herewith.