**UNITED STATES of America**

v.

**DEVINE'S MILK LABORATORIES, INC.,**
**Theodore J. Devine, Beatrice Devine**
**and Robert A. Doherty.**

**Cr. No. 59-238-F.**

United States District Court
D. Massachusetts.

Jan. 7, 1960.

Elliot L. Richardson, U. S. Atty., Edgar L. Kelly, Asst. U. S. Atty., Boston, Mass., for plaintiff.

B. L. Perry, Edmund Burke, Boston, Mass., Talbot T. Tweedy, Taunton, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

Defendants here, a corporation and three of its officers, are charged in a one-count indictment with having conspired "to commit certain offenses against the United States, that is to say, the offenses denounced by the provisions of Title 18 United States Code §§ 287 and 1001, to knowingly and wilfully make and use, and cause to be made and used, false, fraudulent and fictitious statements in matters within the jurisdiction of the Department of the Army, an agency of the United States, and to knowingly and wilfully make and present false, fictitious and fraudulent claims to the Department of the Army, an agency of the United States, all in violation of Title 18, United States Code, Section 371." A list of twenty-six overt acts has been appended to the charge.

Defendants move that the indictment be dismissed as being so vague, general and indefinite that it does not apprise defendants of the offense charged so as to enable them to prepare any defense thereto and does not bar a second prosecution for the same offense. The government's contention is that the indictment is sufficient because it sets out all the elements of the alleged offense in the language of the applicable statutes.

An indictment in the language of the statute is not necessarily good. Where the statute defines a crime in broad and general language merely describing the general nature of the offense charged, the indictment should describe with greater particularity the offense charged. It is true, of course, that an indictment charging conspiracy to commit a crime need not set out that crime with all the particularity necessary in an indictment charging that crime as a substantive offense. But while the crime need not be described in all its details, it should at least be described with sufficient particularity to

enable the defendants to know what specific offenses they are charged with conspiring to commit. The general language of the present indictment fails to do that. It does not indicate what specific false statements or claims were to be made or presented, or even indicate the transaction or even the general subject matter in connection with which any false statements or claims were to be made or presented. It closely resembles the language of the indictment held legally insufficient in United States v. Apex Distributing Company, D.C., 148 F.Supp. 365, 369, 370, and must equally be held to be legally insufficient. Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419.

 The government, however, further contends that when the charge is read in conjunction with the alleged overt acts, it becomes sufficiently definite. United States v. Carter & Co., D. C., 56 F.Supp. 311, 314. It appears however, that the general rule is that while overt acts alleged may be used to explain the conspiracy portion of an indictment, they cannot be used to establish the sufficiency of the allegations of the charging part of conspiracy indictment which is in itself insufficient and makes no reference to the overt acts for clarification of its meaning. Here the government seeks not to explain the words of the charge in the indictment but to supply by inference from the overt acts a general description of the specific crime defendants are said to have conspired to commit and which was not in any way designated in the charge itself. This cannot be done. Pettibone v. United States, supra; United States v. Britton, 108 U.S. 199, 2 S.Ct. 531, 27 L.Ed. 698; Hamner v. United States, 5 Cir., 134 F.2d 592; United States v. Apex Distributing Company, supra.

The government argues that Pettibone has been overruled by Hyde v. United States, 225 U.S. 347, 359, 32 S.Ct. 793, 56 L.Ed. 1114. The Hyde case was concerned with a different problem. Its holding is only that an overt act is under the statute, R.S. § 5440, 18 U.S.C.A.

§ 371, an essential element of the statutory crime of conspiracy so that the crime may be prosecuted in any district in which an overt act was committed. While the Supreme Court in Hyde may have refused to accept all the implications of the general statements in Britton and Pettibone, it did not overrule the specific holding of those cases. Indeed in a subsequent case, Joplin Mercantile Co. v. United States, 236 U.S. 531, 535, 536, 35 S.Ct. 291, 59 L.Ed. 705, after specifically adverting to the Hyde decision, it held, in agreement with Britton and Pettibone, that the overt acts could not be resorted to in aid of the averments of the clause setting forth the conspiracy.

Defendants' motions to dismiss the indictment are allowed; and the indictment is dismissed.