**UNITED STATES of America, Plaintiff,**

v.

**Paul Gerald STRYCKER and Daniel Steven Fennig, Defendants.**

**No. 60–CR–2.**

United States District Court
E. D. Wisconsin.
April 13, 1960.

Edward G. Minor, U. S. Atty., by Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James P. O'Neill, Suel O. Arnold, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

The indictment in this action charges defendants with a violation of Section 371, Title 18 U.S.C. of Laws, in that they conspired to violate Section 287, Title 18, U.S.C. of Laws, by having a third party, one Albert C. Wayer, make a false and fraudulent claim against the Department of the Air Force, an agency of the United States Government, knowing such claim to be false and fraudulent.

The case was tried to a jury, and the defendants were found guilty as charged. Defendants have now moved for acquittal or in the alternative for a new trial, basing their motions on several grounds.

The defendants claim that the indictment does not charge the commission of an offense under Section 371. Specifically, they contend that the indictment does not sufficiently identify the false and fraudulent claim which was the object of the conspiracy. They rely solely on the case of United States v. Devine's Milk Laboratories, Inc., D.C., 179 F. Supp. 799, where it was held that an indictment was so vague that the defendants were unable to determine what specific offenses they were charged with conspiring to commit.

For cases which are similar in their holdings see Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419; Anderson v. United States, 8 Cir., 260 F. 557; Joplin Mercantile Co. v. United States, 236 U.S. 531, 35 S.Ct. 291, 59 L.Ed. 705; Hamner v. United States, 5 Cir., 134 F.2d 592; and United States v. Apex Distributing Co., Inc., D.C., 148 F.Supp. 365.

The present case is, however, completely distinguishable from the above-cited line of decisions. When the first seven paragraphs, omitting the recital of overt acts, are read together, the indictment sufficiently apprises the defendants of what they must be prepared to meet and is comprehensive enough to bar any further prosecution for the same offense. Anderson v. United States, 8 Cir., 262 F.2d 764, and Hewitt v. United States, 8 Cir., 110 F.2d 1.

In the Devine's Milk Laboratories, Inc., decision the charging portion of the indictment simply described the offense in the terms of the statute without any particulars. As the court stated, the indictment in that case did "not indicate what specific false statements or claims were to be made or presented, or even indicate the transaction or even the general subject matter in connection with which any false statements or claims were to be made or presented." [179 F.Supp. 801.]

In the instant case such is not the situation for the indictment clearly identifies the prime contractor, the prime contract, the nature of the prime contract, the subcontractor, the nature of the subcontract, and the date on which the subcontract was awarded. In addition, there is the allegation of conspiracy to make a false claim which identifies the participants and the duration of the conspiracy

and states that the subcontractor was to make the false claim.

When the above-enumerated allegations are considered as a whole, it is the court's opinion that the false claim which was the object of the conspiracy was identified as fully as was required.

Another major contention of the defendants is that paragraphs 7(g) and 8 of the indictment should have been stricken because they related to matters which occurred after the alleged conspiracy had terminated. They follow this up logically enough with the claim that the court erred in overruling the objections of the defendants to the admission of evidence to prove the allegations contained in the above-mentioned paragraphs. These two paragraphs relate to the payment by Wayer of $250 to each of the defendants on October 22, 1958. It is the defendants' contention that the conspiracy terminated on October 14, 1958, when Wayer submitted a *valid, nonfraudulent* invoice to the prime contractor.

To such a contention there are two objections. One is the general rule that a conspiracy does not terminate naturally until the central criminal purpose of the conspiracy has been attained. Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931. In the present case it is clear that the central purpose, i. e. submitting a false claim, was never attained for the claim filed on October 14, 1958, was not fraudulent.

The other objection is the rule that a conspiracy does not end merely because the substantive crime has been completed. The final settling of the financial aspects of the transaction among the conspirators is just as much a part of the conspiracy as the commission of the offense which was the principal objective. Rettich v. United States, 1 Cir., 84 F.2d 118; McDonald v. United States, 8 Cir., 89 F.2d 128; and United States v. Perrone, D.C., 161 F.Supp. 252.

Defendants claim that the evidence is not sufficient to establish the charge of conspiracy. The credibility of the witnesses was for the jury. It is apparent that the jury believed the government witnesses. There was nothing about their testimony which was incredible. Taking the testimony favorable to the government where there were conflicts, the evidence overwhelmingly supports the verdict.

Defendants' motions for acquittal or in the alternative for a new trial are hereby denied.