UNITED STATES of America

v.

Albert James HARRIS, Jr.

Crim. No. 7977.

United States District Court
M. D. Georgia,
Macon Division.

Oct. 8, 1962.

Floyd M. Buford, U. S. Atty., Macon, Ga., for plaintiff.

C. Cloud Morgan, T. Reese Watkins, Macon, Ga., for defendant.

BOOTLE, Chief Judge.

The motion to dismiss raises the question whether the indictment states facts sufficient to constitute an offense under one of the alternatives of 18 U.S.C. § 1001. Stripped of language not pertinent to the present question, the statute reads: "Whoever * * * [1] conceals or covers up [2] by any trick, scheme, or device [3] a material fact * * *." The numerals just used emphasize three essential ingredients of the offense sought to be charged.

Similarly stripped, the indictment charges " * * * the defendant did * * * [1] conceal and cover up [2] by trick, scheme and device * * * [3] a material fact in the following manner, to wit; * * * the defendant furnished and delivered * * * forty-four (44) rolls of paper, specification MIL–B–13239B, under a contract, * * * that called for furnishing and delivering forty-four (44) rolls of paper, specification MIL–I–3420A, and the defendant well knew that the said paper furnished and delivered did not comply with the required specification and the defendant wilfully and knowingly committed the said fraud; all in violation of 18 U.S.C. 1001."

■■ The indictment recognizes the existence of the three specified essential ingredients of the offense by copying them verbatim from the statute. This incorporation of statutory language in the indictment is, without more, only a legal conclusion of the pleader. The draftsman of the indictment doubtless so recognized because, after setting forth the statutory language, he continues, "in the following manner, to wit;", obviously essaying to do what Rule 7(c), Federal Rules of Criminal Procedure requires, namely, set forth a "written statement of the essential facts constituting the offense charged." The indictment prob-

ably sufficiently sets forth the "material fact" by alleging that the defendant delivered paper different than that ordered, knowing that the paper delivered did not comply with the required specifications, this allegation as to the "material fact" probably being sufficient in view of the fact that the statute does not limit itself to monetary claims against the Government, Spivey v. United States, 109 F.2d 181 (5th Cir.1940), or to cases involving pecuniary or property loss to the Government, United States v. Gilliland, 312 U.S. 86, 93, 61 S.Ct. 518, 85 L.Ed. 598, 603 (1941). But we look in vain to the indictment for any "statement of essential facts" showing (1) any concealment or covering up, or (2) any trick, scheme, or device. That a setting forth, or spelling out, of these two essential ingredients of the offense is necessary was held in United States v. White, 69 F. Supp. 562 (S.D.Cal.1946), construing this very language of the statute, and is plainly indicated in United States v. Apex Distributing Company, 148 F.Supp. 365 (D. Rhode Island, 1957), construing alternative language of that statute. The White case held valid the second count of an indictment which specifically spelled out what the material fact was and what the trick, scheme, or device was. It also held invalid Count One, a conspiracy count, because "Nothing is [was] said in the indictment as to what 'material fact' they conspired to conceal; nor is anything said as to what the 'trick, scheme or device' was and was to be; * * *." We need not go so far as to approve the holding of the White case with respect to the conspiracy count as it relates to a conspiracy count in view of the rule that the object of a conspiracy need not be described with the same degree of particularity required in an indictment charging a substantive offense. United States v. Apex Distributing Company, supra, 148 F.Supp. at p. 370. But that holding, if applied to a substantive count, seems clearly correct. The Apex Distributing Company case held invalid Counts 4 and 5 of an indictment charging presentation of false, fictitious, and

fraudulent claims for the reason that those counts contained no description or identification of the claims, nor any statement of the particular or particulars wherein the claims were false, fictitious, or fraudulent. The Court said: "It is true that at the present time it is no longer necessary to follow the old common law rules of criminal pleading. * * * But the fundamental functions and requirements of an indictment have not been altered and modified. An indictment must contain all the essential elements of the offense charged and inform the defendant therein of the nature and cause of the accusation against him and this must be done with sufficient certainty to enable him to prepare his defense and if he is later charged with the same offense to interpose a plea of double jeopardy." By analogy, the recent case of Beitel v. United States, 306 F.2d 665, (5th Cir. 1962) is in point. Beitel rules invalid an indictment charging that defendants "did knowingly and unlawfully conceal assets of the value of $2,987.26 from Casey Golightly, receiver in bankruptcy of the Estate of the said Robert C. Beitel, said assets belonging to said estate in bankruptcy." The Court said: "We have been cited to no case, and have found none, which would justify so vague a description as that employed in the present indictment, viz.: 'assets of the value of $2,987.26' or 'assets belonging to the estate in bankruptcy.'" In Beitel, the Government contended that after conviction there was no longer any question as to the identity of the offense and that the defendants at trial had available to them through the return on a search warrant the inventory of the property on which the case was based, and in answer to that contention the Court quoted with approval from Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240, (1961), as follows: "It is argued that any deficiency in the indictments in these cases could have been cured by bills of particulars. But it is a settled rule that a bill of particulars cannot save an invalid indictment," and held that even if it be assumed that "assets" as used in the indictment referred to all or any part of the seized property "the defendants were nonetheless entitled to have the property identified in the indictment so as to enable them to fully prepare their defenses. Dunbar v. United States, supra, 156 U.S. [185] at 191 [15 S.Ct. 325, 39 L.Ed. 390]."

Reference to Form 10, Federal Rules of Criminal Procedure, Appendix of Forms 18 U.S.C. discloses that an illustrative form of indictment for presenting a fraudulent claim against the United States contains a clear description and identification of said claim.

For the foregoing reasons the motion to dismiss the indictment is hereby sustained and the indictment is hereby dismissed.