**Howard E. LEIGH, Petitioner,**

**v.**

**R. J. GAFFNEY, Warden, substituted for Sherman H. Crouse, Warden, Kansas State Penitentiary, Lansing, Kansas, Respondent.**

**No. L–1127.**

United States District Court, D. Kansas.

Feb. 3, 1970.

Kent Frizzell, Atty. Gen. of Kansas, and Edward G. Collister, Jr., Asst. Atty. Gen., for respondent.

No appearance for petitioner.

## MEMORANDUM AND ORDER

TEMPLAR, District Judge.

1. Leigh has lodged with the Clerk of this court his application for writ of habeas corpus together with his affidavit in support of a motion for leave to proceed in forma pauperis under 28 U.S.C.A. § 1915. Upon examination of the papers so lodged, the Court makes the following findings and order:

2. It appears that Leigh is in the custody of the respondent Warden under color of authority of the State of Kansas by virtue of a sentence of 10–21 years imposed upon Leigh on March 8, 1968, by the District Court of Sedgwick County, Kansas, Division No. 5, upon Leigh's conviction by a jury of the offense of robbery in the first degree in violation of K.S.A. 21–527. Leigh has attached to his application a copy of the Journal Entry of Judgment in the state court action. This indicates that Leigh's conviction occurred on June 23, 1961; he failed to appear for the hearing on his motion for new trial on June 30, 1961, and a bench warrant was issued. On March 8, 1968, he was brought before the court for sentencing and the sentence above noted was imposed. Leigh did not appeal from the judgment of conviction or the imposition of sentence and he has not filed with the sentencing court a motion for discharge under the provisions of K.S.A. 60–1507, nor has he filed habeas corpus in the state courts. An earlier federal habeas corpus, Leigh v. Crouse, L–858, was dismissed by the court on June 26, 1969. The order then entered recites that the sole grounds raised related to alleged irregularities in Leigh's extradition from the State of Texas to the State of Kansas. The order states:

"It is well settled that irregularities in extradition proceedings do not form grounds for the issuance of a writ of habeas corpus. See Alden v. State of Montana, 234 F.Supp. 661 (D.C.Mont. 1964); People [ex rel. Hackler] v. Lohman, [17 Ill.2d 78] 160 N.E.2d. 792 (Ill.1959); and Johnson v. Matthews, [86 U.S.App.D.C. 376] 182 F. Supp. 677 (D.C.1950).

If petitioner seeks to attack the conviction under which he was being deprived of his personal liberties, he should utilize the remedies available to him within the state court system."

Leigh appealed to the 10th Circuit where the dismissal was affirmed. Leigh v. Crouse, No. 443–69 (10th Cir. Nov. 4, 1969, unpublished).

3. Briefly, Leigh's contentions in the instant proceeding are that there were irregularities in his extradition from the State of Texas; that there were no criminal charges against Leigh in Kansas, and thus the State was without jurisdiction to try him; that he was denied confrontation of the witnesses against him; and that he was denied a transcript of a post-conviction proceeding.

4. The threshold question in all habeas corpus proceedings commenced in federal court by persons in custody pursuant to a judgment of a state court is whether or not the applicant has exhausted the remedies available to him in the courts of the state, 28 U.S.C.A. § 2254(b). Leigh has not done so. He has failed to follow any of the avenues available to him in the courts of Kansas. Under these circumstances, habeas relief is not available to him in this court. It follows that the relief sought should be denied and the petition dismissed.

5. It is ordered that leave to proceed in forma pauperis be granted; that the petition be filed; that the action so commenced be dismissed without prejudice. The Clerk is directed to transmit copies of this Memorandum and Order to the petitioner and to the Attorney General of the State of Kansas.