## LOWENBURG v. UNITED STATES.
### No. 3294.

Circuit Court of Appeals, Tenth Circuit.

June 18, 1946.

O. Otto Moore, of Denver, Colo., for appellant.

Joseph N. Lilly, Asst. U. S. Atty., of Denver, Colo. (Thomas J. Morrissey, U. S. Atty., of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant, Richard Arthur Lowenburg, registered under the Selective Service Act and was classified IV-E. He was assigned to work of national importance at various camps, including the Civilian Public Service Camp at Mancos, in Montezuma County, Colorado. While located at that camp he was indicted by a grand jury in the United States District Court for the District of Colorado, and was charged with violations of Section 11 of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 311. He was tried to a jury, found guilty, and sentenced to a term of imprisonment of fifteen months. He challenged the sufficiency of the indictment to state an offense by a timely motion to dismiss. When this motion was overruled, he filed a motion for a bill of particulars, which was likewise overruled by the trial court. He places his main reliance for reversal upon the rulings of the court on these two motions.

The pertinent portion of Section 311, which is applicable to appellant under his IV-E classification, reads as follows: "Any person * * * who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act * * * shall, upon conviction * * * be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both * * *."

The indictment charged that Lowenburg "did, on the 27th day of November, A. D. 1945, and continuously thereafter,

up to and including the 30th day of November, A. D., 1945 * * * unlawfully, willfully, knowingly and feloniously fail and refuse to work and perform the duties assigned to him by the Director of said Civilian Public Service Camp No. 111, in the Town of Mancos, in the County of Montezuma, in the State of Colorado."

The grounds of the motion to dismiss the indictment necessary to be considered were that the indictment "does not allege what work or what duties the defendant failed and refused to perform, and said indictment is insufficient in law to advise the defendant of the identity of any offense charged against him, and does not enable defendant to prepare his defense to any charge intended to be alleged, nor would a trial upon said indictment, and a judgment resulting from said trial prevent the defendant from being again tried for the same offense attempted to be charged in the indictment herein."

While the strict rules of pleading in criminal prosecutions have been relaxed, the fundamental functions and requirements of indictments have not been altered or modified. The purpose of an indictment still is to inform the accused of the offense with which he is charged, and this it must do with sufficient clarity to enable him to adequately prepare his defense and to plead the judgment of conviction, if any, as a bar to further prosecution. The essential elements of an indictment were stated by the Supreme Court in United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 574, 31 L.Ed. 516, as follows: "The object of the indictment is—First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.

For this, facts are to be stated; not conclusions of law alone.".[1]

Whether the indictment in question is sufficient must be determined in the light of these principles. The statute under which this indictment was drawn is couched in the most general terms. It merely states that it is an offense for one to fail to perform the duties required of him under the Act or under regulations promulgated thereunder. The indictment likewise charges the offense in the most general terms. It merely states that the appellant unlawfully, etc., refused to work and perform the duties assigned to him by the Director of Civilian Public Service Camp No. 111. What duties, what orders, how many did appellant refuse to perform? In response to a question by the court at the time of oral argument, the attorney for the government, with commendable candor, conceded that under the indictment as drawn the government could have introduced evidence to establish violations of any one or all of a hundred work orders, if that number had been given.

In Frankfort Distilleries, Inc., v. United States, 10 Cir., 144 F.2d 824, 830, we said: "Ordinarily it is not sufficient to charge the offense in the words of the statute creating the offense, unless the words themselves fully, directly, and expressly, without uncertainty or ambiguity, set forth all the essential elements necessary to constitute the crime intended to be punished. * * * Where the statute is general in terms and fails fully, directly, and expressly to set forth with certainty and without ambiguity all of the essential elements necessary to constitute offense, the indictment must descend to particulars and charge every constituent ingredient of which the crime is composed."

An indictment which merely charges a defendant with refusing to perform the duties assigned to him is wholly insufficient to apprise him of the specific

[1] See, also, Mitchell v. United States, 10 Cir., 143 F.2d 953, 955; Kane v. United States, 8 Cir., 120 F.2d 990, 992; Evans v. United States, 153 U.S. 584, 587, 14 S.Ct. 934, 38 L.Ed. 830; United States v. Crummer, 10 Cir., 151 F.2d 958, 962; Harper v. United States, 8 Cir., 143 F.2d 795, 802; Frankfort Distilleries, Inc., v. United States, 10 Cir., 144 F.2d 824, 830.

offense with which he is charged or which he is expected to meet, so as to enable him to prepare his defense thereto or plead the judgment of guilty, if any, as a bar to a further prosecution. Apparently the only complaint registered against appellant was that he refused to obey an order requiring him to burn stumps and to remove the dirt therefrom. The government knew this, but the accused did not know it, nor could he ascertain it from the indictment. He was completely helpless. He could only sit by and wait until the government introduced its evidence at the time of trial, and then meet it as best he could. The indictment failed to meet the minimum requirements of good pleading and was therefore legally insufficient to charge appellant with the commission of a public offense.

The trial court also erred in refusing to sustain appellant's motion for a bill of particulars, but in view of the conclusion we have reached as to the insufficiency of the indictment, it is not necessary to decide whether under the record the refusal to grant the motion for a bill of particulars constituted reversible error.

The judgment of the trial court is accordingly reversed, and the cause is remanded for further proceedings in conformity with the views expressed herein.