**UNITED STATES of America**

v.

**Juan Pedro FARINAS, Defendant.**

**No. 68 CR. 927.**

United States District Court
S. D. New York.

May 9, 1969.

Robert M. Morgenthau, U. S. Atty.,
Southern Dist. of New York, for plaintiff, Charles B. Updike, New York City,
of counsel.

Sanford M. Katz, New York City, for
defendant.

## MEMORANDUM

TENNEY, District Judge.

Defendant moves herein to dismiss the indictment charging him with a violation of the Selective Service Act of 1967, for a bill of particulars, and for discovery and inspection. Inasmuch as it is the opinion of this Court that the indictment lodged herein is too vague in its language to enable the defendant to properly prepare his defense, defendant's other motions need not be considered at this time.

The indictment in this case provides:

"The Grand Jury charges:

On or about the 13th day of August, 1968, and up to and including the date of the filing of this indictment, in the Southern District of New York, JUAN PEDRO FARINAS, the defendant, unlawfully and knowingly did fail, neglect and refuse to perform a duty required of him under and in execution of the Military Selective Service Act of 1967, Title 50 Appendix, United States Code, Section 451 et seq. and the rules, regulations and directives made pursuant thereto, in that he, being a registrant, to whom an Order to Report for Induction had been mailed by his Selective Service System Local Board, unlawfully and knowingly did fail, neglect and refuse to obey the orders of representatives of the Armed Forces of the United States, while at the place where his induction was to be accomplished. (Title 50 Appendix, United States Code, Section 462(a); 32 C.F.R. 1632.-14)" [1]

In Lowenburg v. United States, 156 F. 2d 22 (10th Cir. 1946), the defendant, classified IV–E under the Selective Service Act, was assigned to work of national importance at various camps, including the Civilian Public Service Camp at Mancos, Colorado, and allegedly failed to perform his duties satisfactorily. The court held that an indictment which merely charged a defendant with refusing to perform "the duties assigned to him by the director of said Civilian Public Service Camp No. 111, in the Town of Mancos, in the County of Montezuma, in the State of Colorado", without apprising the defendant of the specific duties which he is charged with having failed to perform, did not meet the minimum requirements of good pleading and was, therefore, legally insufficient to charge the accused with the commission of a public offense.

■ Inasmuch as the fundamental purpose underlying Rule 7(c) of the Federal Rules of Criminal Procedure [2] is to inform a defendant of the nature of the charges leveled against him and, therefore, of what he must be prepared to meet, Wright, Federal Practice and Procedure § 125 at 232–33 (1969), it is the opinion of this Court that the indictment in this case serves that end no better than that which was before the court in *Lowenburg, supra.* Although the indictment herein goes one step further by charging that the defendant failed in his

---

1. Title 50 App., United States Code, Section 462(a), provides in pertinent part:
 "Any member of the Selective Service System or any other person charged as herein provided with the duty of carrying out any of the provisions of this title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix], or the rules or regulations made or directions given thereunder * * * who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title * * * shall, upon conviction * * * be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment * * *."
 32 C.F.R. § 1632.14 provides in pertinent part:
 "(b) Upon reporting for induction, it shall be the duty of the registrant * * * (4) to obey the orders of the representatives of the Armed Forces while at the place where his induction will be accomplished * * *."

2. Fed.R.Crim.P. 7(c) provides in pertinent part:
 "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

duties *by refusing to obey certain orders,* its failure to specify the nature of the orders allegedly disobeyed renders that step a negligible one in light of the basic function of an indictment.

■■ It is well established that the purpose of an indictment is to fully apprise the defendant of the crime with which he is charged so that he may properly prepare his defense. United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819 (1877). To this end, it has been held that although an indictment may be drafted in the language of the statute so long as the language employed contains all the essential elements of the offense charged, United States v. Spada, 331 F.2d 995 (2d Cir.), *cert. denied,* 379 U.S. 865, 85 S.Ct. 130, 13 L.Ed.2d 67 (1964); United States v. Cimino, 321 F. 2d 509, 512 (2d Cir.), *cert. denied* sub nom. D'Ercole v. United States, 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416 (1963), where the statutory definition "* * * includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species,—it must descend to the particulars. * * *" United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588 (1875); United States v. Hess, 124 U.S. 483, 488, 8 S.Ct. 571, 31 L.Ed. 516 (1888); United States v. Guterma, 189 F.Supp. 265, 270–271 (S.D.N.Y.1960). In other words, if a statute upon which an indictment is lodged fails, by virtue of its general terminology, to sufficiently apprise the defendant of what he needs to know in order to commence the preparation of a defense, the indictment cannot suffer from the same defect, but must specifically set forth the facts which constitute the core of the alleged offense.

■ The indictment in this case, which charges the accused with failing to obey orders of certain representatives of the Armed Forces of the United States while the accused was present at the place where his induction was to be accomplished, not only could conceivably fail to state a crime (see discussion below) but, most importantly, falls below the minimum standard of specificity in respect of the requirement of reasonable notice. United States v. Hess, *supra;* United States v. Cruikshank, *supra;* Lowenburg v. United States, *supra;* United States v. Turner, 274 F.Supp. 412, 417 (E.D.Tenn.1967); United States v. Simplot, 192 F.Supp. 734, 737 (D.Utah 1961); United States v. Devine's Milk Laboratories, Inc., 179 F.Supp. 799, 800–801 (D.Mass.1960); United States v. Apex Distrib. Co., 148 F.Supp. 365, 372 (D.R.I.1957).

■ Further, where an indictment condemns an act belonging to a species of conduct, which species includes other acts not amounting to indictable offenses, it is not sufficient that the indictment merely identifies the species in general but, rather, it must particularize the act or acts which, it is alleged, constitute the offense charged, Mims v. United States, 332 F.2d 944, 946 (10th Cir.), *cert. denied,* 379 U.S. 888, 85 S.Ct. 158, 13 L.Ed. 2d 92 (1964), so that the court can be assured that the indictment charges conduct which is, in fact, prohibited by law. Russell v. United States, 369 U.S. 749, 768 n. 15, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Cruikshank, *supra* at 558–559 of 92 U.S.; United States v. Lamont, 18 F.R.D. 27, 31 (S.D. N.Y.1955), *affirmed,* 236 F.2d 312 (2d Cir. 1956).

In the present case, inasmuch as this Court can conceive of certain orders, unrelated to the induction process, which a civilian would not under law be necessarily required to follow, it would seem fundamental that the indictment recite the particular order or orders which the accused is alleged to have disobeyed.

■ Although the Government consents to furnish the accused, in a bill of particulars, the specific orders to which the indictment refers, this Court follows the proposition that a bill of particulars cannot save an invalid indictment. Russell v. United States, *supra* 369 U.S. at 770, 82 S.Ct. 1038; United States v. Seeger, 303 F.2d 478, 484 (2d Cir. 1962); United States v. Lamont, 236 F.2d 312, 315 (2d Cir. 1956). To do otherwise

would invite the Government to usurp the functions of the Grand Jury.

 Needless to say, the Government's contention that inasmuch as the defendant was present at the induction center when the incident took place, "* * * no one knows better than he what went on. * * *", requires no discussion.

For the above-stated reasons, and with a view towards assuring that indictments remain effective for their intended purpose, the within motion by defendant to dismiss the indictment is granted.

So ordered.